In re: Clarence B. CREECH, Debtor,

**Jerry D. Hall; Dean B. Hall, Appellants,**

v.

**Clarence B. Creech, Appellee.**

No. 00–6490.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

*ORDER*

Jerry D. Hall and Dean B. Hall ("the Halls"), pro se Kentucky litigants, appeal a district court order which dismissed their appeal from a bankruptcy court's decision permitting the sale of certain real property and the Halls' "Emergency Motion" to prohibit any such sale. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The facts underlying this case, as summarized by the district court, are as follows: Debtor, Clarence D. Creech, owned the real property in question as tenants in common with his late wife and elected to take his statutory share thereof after his wife left her entire share of the same to the Halls, her sons by a prior marriage, by will. After the resolution of the decedent's estate dragged on in the probate court for a number of years and the Halls were replaced as the executors of their mother's estate, Creech filed the instant bankruptcy action to seek relief from his creditors through the disposition of his nonliquid assets, the property in question. The bankruptcy court entered an order, over the Halls' objections, which confirmed Creech's Chapter 11 plan including its property disposition provisions on June 18, 1998. The confirmed plan recognized the parties' proper ownership percentages and provided the Halls with an opportunity to purchase the same.

One month after Creech's Chapter 11 plan was confirmed, Creech filed a complaint against the Halls with the bankruptcy court alleging that the Halls squandered certain funds and failed to keep up the real property in question during their pre-petition tenure as probate estate executors. The Halls moved the trial court to grant them a jury trial on this matter and to transfer the same to a different venue. The bankruptcy court construed the Halls' motion as a request for abstention. By Memorandum, Opinion and Order dated December 15, 1998, the bankruptcy court subsequently granted their construed re-

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

quest and elected to abstain from hearing the related complaint regarding the parties' pre-petition activities.

In July 1999, Creech moved the bankruptcy court to permit the sale of the real property in which the Halls held an ownership interest. As grounds for his motion, Creech noted that the probate action had stalled out in the state once more, that the Halls refused to cooperate in the disposition of the property or to exercise their purchase rights, that outside offers for said property had been made, and that the real property was rapidly deteriorating. The probate action had been lingering more than five years by that time and did not appear to be anywhere close to a resolution. By Order dated September 14, 1999, the bankruptcy court granted Creech's motion to permit the sale of the real property. The Halls appealed the bankruptcy court's decision to the district court. The district court, however, determined that the bankruptcy court's order was neither final nor certified as appropriate for an interlocutory appeal under 28 U.S.C. § 158(a). Accordingly, the district court concluded that it lacked jurisdiction and dismissed the appeal. Alternatively, the district court determined that there was no error in the bankruptcy court's decision in any event. This appeal followed. The debtor has filed a motion to dismiss the appeal for the Halls' failure to file a designation of record, and a motion to supplement the record.

After careful examination of the record, this court concludes that the district court did not err in dismissing the appeal for want of jurisdiction. *See* 28 U.S.C. § 158(d); *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 252–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); *Shimer v. Fugazy (In re Fugazy Exp., Inc.),* 982 F.2d 769, 775 (2d Cir.1992). The bankruptcy court's order permitting the sale of the real property was not a final decision as it did not necessarily resolve all of the issues pertaining to the real property in question. *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1283 (2d Cir.1990).

Accordingly, the motion to dismiss the appeal is denied, the motion to supplement the record is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.